**BARTFIELD et al.**

v.

**PARKHURST et al.**

No. 8055.

United States District Court

D. Puerto Rico, San Juan Division.

Dec. 31, 1953.

E. Martinez Rivera and Edelmiro Martinez, Jr., San Juan, P. R., for plaintiffs.

Hector Gonzalez Blanes, San Juan, P. R., for defendants.

RUIZ-NAZARIO, District Judge.

This action came up for trial before the court without a jury, on the defenses of estoppel and res judicata raised by defendants in their answer, on September 10, 1953, at 9:30 o'clock in the morning, date set therefor at the regular call of the calendar and pursuant to a duly entered oral order issued by the Court from the bench on September 9, 1953, which limited said trial to the aforesaid two defenses.

Edelmiro Martinez Rivera, Esq., appeared for plaintiffs and Hector Gonzalez Blanes Esq. appeared for defendants.

Documentary evidence was adduced at said trial and the parties have filed briefs both in support of and in opposition to said defenses, the issues raised thereby

having been submitted to the court on the basis of said evidence and briefs.

It appears from said evidence and the whole record of this case that on May 23, 1950, the herein plaintiffs filed a complaint against defendants herein Norman E. Parkhurst and Frozen Fruit Concentrates, Inc., in the former local District Court of Bayamon, of the Commonwealth of Puerto Rico and that on May 2, 1952, said court entered judgment dismissing the action for want of prosecution. On November 25, 1952, plaintiffs, who are the same appearing as such in the action in the former District Court of Bayamon, filed the present action, against the same defendants in the former action, but adding in the caption thereof the names of Norman E. Parkhurst Jr., Wilbert N. Parkhurst, Hector Gonzalez Blanes, Pedro Ortiz Bullo and Charles Henderson as defendants.

Aside from the fact that the complaint originally filed here goes into greater detail and is more lucid than the complaint in the former District Court of Bayamon, the claims and demand of the two complaints is the same except for a difference in amount demanded and a prayer for injunction in the action in this court. The transaction on which the two claims are bottomed was the same.

■ Rule 41(b) of the Civil Rules of Procedure in force in the local courts of the Commonwealth of Puerto Rico at the time of the dismissal of the former action had the same effect as Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and under it said dismissal operated as *adjudication upon the merits*. Defendants have raised the questions of estoppel by judgment and res judicata.

■ The dismissal having operated as an adjudication upon the merits, the question is whether, the parties defendant being apparently different, plaintiffs are estopped from recovering on this reassertion of the same claim that was dismissed by the former District Court of Bayamon.

■ A leading case on this matter is Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195, in which Mr. Justice Field stated as follows: "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. *In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action.* It is a finality as to the claim or demand in controversy, concluding parties and *those in privity with them*" etc. (Emphasis supplied.)

The nature of the transaction alleged in both actions is such as to leave no doubt that the added defendants herein were in privity to the defendants in the former action dismissed by the District Court of Bayamon.

As stated in Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 916, 84 L.Ed. 1263, "Where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal. As stated in Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 620, 46 S.Ct. 420, 423, 424, 70 L.Ed. 757, 'Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different * * * and parties nominally different may be, in legal effect, the same.' A judgment is res judicata in a second action upon the same claim between the same parties or those in privity with them." (Citing the Cromwell case, supra.)

Plaintiffs are stopped from bringing the present action by reason of the dismissal of their action in the former District Court of Bayamon and their complaint must be accordingly dismissed.

The present order shall in no way affect defendant's right to have the is-

sues raised by their counterclaim in due course tried and adjudicated.

The Court, therefore, orders that all relief be, as it is hereby, denied to plaintiffs on their complaint and that, pursuant to Rule 58 of the F.R.C.P., the Clerk, upon receipt of this direction, enter forthwith judgment against plaintiffs as hereinabove ordered.