LASKEY BROS. OF W. VA., Inc.
et al., Plaintiffs,

v.

WARNER BROS. PICTURES, Inc.,
et al., Defendants.

United States District Court
S. D. New York.

Feb. 21, 1957.

Simon & Collen, Chicago, Ill., for plaintiffs, on the motion.

DAWSON, District Judge.

This is a motion by plaintiff under Rule 60(b) for an order modifying the previous order entered by this court which dismissed the action "with prejudice" for lack of prosecution. See Fed. Rules Civ.Proc. rule 60(b), 28 U.S.C.A. Plaintiff seeks to modify the order so as to provide that the action is dismissed without prejudice.

The records of this court show that the action was instituted on November 6, 1954 through the law firm of Malkan & Ellner as attorneys for the plaintiff. Shortly after the action was instituted these attorneys filed a motion for an order that they might properly represent, and were not barred or disqualified from representing, the plaintiff. Certain of the defendants cross-moved for an order disqualifying this firm from representing the plaintiffs in the action. On March 25, 1955 the court granted the cross-motion of the defendants. Laskey Bros. of W.Va. v. Warner Bros. Pictures, D.C., 130 F.Supp. 514, affirmed 2 Cir., 224 F.2d 824, certiorari denied, 350 U.S. 932, 76 S.Ct. 300, 100 L.Ed. 814. This determination was affirmed by the Court of Appeals on July 13, 1955 and a petition for a writ of certiorari was denied by the United States Supreme Court on January 9, 1956.

Plaintiff did not substitute a new attorney to represent it in this action. From January 9, 1956 to January 28, 1957, it had an action pending with no attorney qualified to represent it and no proceedings of any nature took place in the action. In the month of January 1957, this court, pursuant to General Rule 21, called for review all cases on the docket where the case had been pending for more than two years and had not been noticed for trial. See General Rules

of United States District Courts for the Southern and Eastern Districts of New York. Notice was given to the attorneys of record in these cases to appear on a certain day. The notice stated: "The rule will be strictly enforced and your case may be dismissed for lack of prosecution." A further notice of this special calendar call was published in the New York Law Journal.

The above action was called for review before the undersigned on January 28, 1957. No attorney appeared representing plaintiff. The attorneys who appeared representing defendants moved for dismissal of the action for lack of prosecution. Thereafter the Court, after hearing argument and ascertaining that no action had taken place for over one year, entered the following decision and order:

"It appearing that plaintiff has not substituted a qualified attorney for the prosecution of the case, and that this condition has existed for over one year, and nobody appearing on behalf of plaintiff on this call, motion is granted to dismiss this action under Rule 21 for lack of prosecution."

Thereafter a judgment was entered on February 6, 1957 dismissing the action with prejudice. It is this judgment the plaintiff now seeks to amend by making the dismissal "without prejudice."

Plaintiff's new attorneys who appeared on this motion stated that they were retained by the plaintiff several months ago but that they never filed a notice of substitution and therefore never received the notice of the special calendar call hereinabove referred to. They also stated that there is now pending in the Western District of Pennsylvania an action by the same plaintiff against some of the defendants in this action, which includes the same claim that is asserted in this action and that dismissal of this action with prejudice might have a prejudicial effect on the case pending in Pennsylvania Counsel for plaintiff stated on oral argument that he would have no objection to dismissal of the present action with prejudice so far as it relates to the defendants in this action who are not defendants in the Pennsylvania action.

The power of the Court to dismiss a case for lack of prosecution probably derives from the inherent power of a court to control its calendars. Zielinski v. United States, 2 Cir., 1941, 120 F.2d 792. The power is also specifically granted in Rule 41(b) of the Federal Rules of Civil Procedure. This rule provides in part:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction or improper venue, operates as an adjudication upon the merits."

See Bartfield v. Parkhurst, D.C.D.Puerto Rico 1953, 117 F.Supp. 82.

This case is a graphic illustration of the unsatisfactory type of practice which has led to congestion of the court calendars. The plaintiff, not content with starting one action, has instituted two actions on the same set of facts in two separate districts. Thereafter when plaintiff's counsel is found to be disqualified, plaintiff takes no steps to substitute new counsel for many months. When new counsel is finally selected, the new counsel does not even note his appearance in the case and no steps are taken to bring the case on for trial. A plaintiff who has shown so little interest in the action which it has started does not awaken much sympathy in the Court.

Nevertheless, plaintiff has another action pending in Pennsylvania. The instant action has not been decided on the merits. It would perhaps be an unwarranted punishment to bar plaintiff from a hearing in the Pennsylvania action because of its dilatory action in this court. Cf. Gill v. Stolow, 2 Cir., 1957, 240 F.2d 669.

Therefore, in the exercise of its discretion, the Court directs that the order

and judgment heretofore entered herein on February 6, 1957 is to be amended to read:

"It is hereby ordered, adjudged and decreed that this action be and it hereby is dismissed for lack of prosecution, but this order and judgment shall not be pleaded or used as an adjudication on the merits in any other action of the plaintiff now pending on the same cause of action in any district court other than the District Court for the Southern District of New York."

So ordered.