Paul BARTSCH, Appellant,

v.

CHAMBERLIN COMPANY OF AMERICA, INC., Appellee.

No. 13742.

United States Court of Appeals Sixth Circuit.

April 11, 1959.

**358**

Robert F. Belovich and Belovich & Berdis, Parma, Ohio, for appellant.

Charles D. Johnson, of Baker, Hostetler & Patterson, Cleveland, Ohio, Armstrong, Helm, Marshall & Schumann, Detroit, Mich., for appellee.

Before MARIS and MILLER, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Appellant filed an action in the District Court against the appellee for breach of contract. Appellee moved to dismiss the action for the reason that the complaint failed to state a claim upon which relief could be granted. By order of July 3, 1957, the District Judge granted appellee's motion and ordered "that the complaint herein is hereby dismissed at plaintiff's costs." No appeal was taken.

On September 30, 1957, appellant filed the present action in the District Court against the appellee upon the same alleged cause of action. Appellee filed a motion for summary judgment in which it referred to the order of July 3, 1957, in the first case and stated that it constituted a complete bar against the prosecution by the appellant of this action. The District Judge ruled "Motion granted, pursuant to Rule 41(b).", and an order was entered dismissing the action at appellant's costs. This appeal followed.

Since the order of dismissal in the first case was not by reason of lack of jurisdiction or improper venue and did not specify that it was not upon the merits, under Rule 41(b), Rules of Civil Procedure, 28 U.S.C.A. it operated as an adjudication upon the merits. Van Brode Milling Co. v. Kellogg Co., D.C. Del., 113 F.Supp. 845, 847; Bartfield v. Parkhurst, D.C.Puerto Rico, 117 F.Supp. 82, 83. Appellant did not request leave to amend or that the order of dismissal provide that it was without prejudice. The District Judge correctly ruled that it operated as a bar to the present action. American National Bank & Trust Co. v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571.

The judgment is affirmed.