ELENA SOUCHET ET AL., Plaintiffs and Appellants, *v.* JOSÉ MARÍA COSÍO, ETC. ET AL., Defendants and Appellees.

No. 12398. Decided October 27, 1961.

*Edelmiro Soldevila* for appellants. *Ariel Colón Clavell, Luciano Colón Santiago* and *R. Hernández Colón* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, and Mr. Justice Serrano Geyls and Mr. Justice Rigau.

MR. JUSTICE SERRANO GEYLS delivered the opinion of the Court.

In 1923 the mercantile partnership Sucrs. de Cosío y Primo, *S. en C.*, sued Celestino Souchet for recovery of money before the former District Court of Ponce. Souchet was summoned personally, but he did not answer the complaint and by motion duly made his default was entered. The clerk entered thereafter judgment by default which was served on Souchet, as it appears from the notice of judgment issued

by that officer. By virtue of that judgment, two properties were attached and sold publicly and were adjudicated to the plaintiff partnership.

In 1939 the plaintiffs herein filed a complaint of nullity, revendication, and other particulars against the same persons defendants herein and before the same District Court of Ponce. That complaint was dismissed for lack of prosecution by judgment of November 30, 1945. The court ordered the dismissal of the case "as a definitively closed matter." Notice of that judgment was served on the plaintiffs. It is well to point out that that action was taken after the clerk filed motions to that effect in 1940, 1941, 1944, and 1945, all pursuant to Rule 3 of the Rules for the District Courts in Civil Cases. The plaintiffs answered every one of those motions for dismissal and in all their answers they alleged the same reason for their lack of prosecution, that is, that their attorney had not been able to go to the ward of Peñuelas where they resided and because they were poor and could not call on him in San Juan.[1] The defendants were never summoned.

A new complaint was filed on May 5, 1954, setting forth the same causes of action, by the same parties (or their successors), subscribed by the same attorney, and before the same court. After proper proceedings, the trial court rendered judgment dismissing the complaint and imposing attorney's fees and costs.

The appellants maintain that the trial court committed seven errors which warrant the reversal of the judgment.

---

[1] "The plaintiffs have practically alleged the same reason in all the motions year after year, and there is no showing in the record (other than those motions) that the plaintiffs have taken any action indicative of their interest therein; and there being no reason to warrant the continuation of this case, the court hereby denies the motion of the plaintiffs and grants the motion of the clerk, ordering, as it is hereby ordered, the dismissal of this case as a definitively closed matter."

In our opinion, we need only consider one of the questions raised.

The trial court held that between the action brought in 1939 and decided in 1945 and the present action there exists "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such, as required by § 1204 of the Civil Code." It concluded, in the light of Rule 41(b) of the Rules of Civil Procedure of 1943, that the first judgment "operated as an adjudication upon the merits of the action, and has the force, efficacy, and value of res judicata in the present litigation."

The appellants do not assail the trial judge's conclusion on the identity of causes, things, and persons between the two actions, but rather allege the nullity and unconstitutionality of Rule 41(b) as being repugnant to the Civil Code and constituting an undue delegation of the legislative power to the judicial power. They maintain, further, that the application of that rule to their case would deprive them of their property without due process of law, and that as a matter of "justice" it should not apply in this action.

There is no doubt whatever, and, as already pointed out, the appellants do not deny it, that between both actions there is perfect identity of parties, things, and causes of action. Not only is it so, but even the words employed in both complaints are practically the same with the exception of the amounts stated and claimed, which were increased in the second complaint, probably because of the effect of the increase in the value of the properties claimed by reason of the time elapsed.

Rule 41(b) *supra* provides as follows:

"(b) *Involuntary Dismissal; Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion

734

is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." (32 L.P.R.A. App., p. 632.)[2]

■ It is clear that this rule, like the other rules of the same legal corpus, was applicable to all the actions pending on the date of their adoption—Rule 86; *Martínez Fernández & Cía., S. en C.* v. *García*, 68 P.R.R. 363, 368 (1948); *Berdecía* v. *Tyrell*, 82 P.R.R. 674 (1961); *Bolker* v. *Super. Ct.; Sosa, Int.*, 82 P.R.R. 785 (1961)—and, hence, to the action brought by the appellants in 1939 and which was not decided until 1945.

■ The said rule is identical with Federal Rule 41 (b) and, like the latter, provides that the court of its own motion may dismiss a complaint "in which no action has been taken." *Pérez* v. *Bauzá, ante*, p. 213; *Boling* v. *United States*, 231 F.2d 926, 927 (9th Cir. 1956); *Russell* v. *Cunningham*, 233 F.2d 806, 808 (9th Cir. 1956); 5 Moore, Federal Practice 1036 (2d ed. 1951); 2 Barron and Holtzoff, Federal Practice and Procedure 636 (1950). Rule 83 also authorizes the dismissal. 9 Cyclopedia of Federal Procedure 104–07 (1951). It is also evident—assuming that the question could be raised in this appeal—that the former District Court of Ponce did not abuse its discretion in dismissing the complaint after the lapse of more than six years from the date it was filed and numerous extensions were granted to the plaintiffs, without their showing any interest in the matter. The fact that the defendants in the action were not served with process does not constitute an excusable ground, as contended by the appellants, but, on the contrary, it is a factor which aggravates

---

[2] Rule 39.2 of the present Rules of Civil Procedure contains similar requirements, although some changes have been introduced therein. 32 L.P.R.A., 1960 Cum. Supp. at 129–30.

their neglect as evidenced by the record. *Messenger* v. *United States*, 231 F.2d 328, 331 (2d Cir. 1956) ; Moore, *op. cit.* at 1039.

■ By operation of the proper rule, and since the district court did not specify otherwise, the dismissal ordered operates as an adjudication upon the merits and therefore bars a new action based on the same causes of action. *Reyes* v. *Reyes*, 76 P.R.R. 266, 276 (1954) ; *American National Bank & Trust Co. of Chicago* v. *United States*, 142 F.2d 571, 572 (Cir. D.C. 1944) ; *Daley* v. *Sears, Roebuck and Co.*, 90 F. Supp. 562, 563 (D.C. Ohio, 1950) ; *Bartfield* v. *Parkhurst*, 117 F. Supp. 82, 83 (D.C.P.R., 1953) ; Moore, *op. cit.* at 1039; Barron & Holtzoff, *op. cit.* at 244, 1960 Supp.

■ We are told, however, that as a matter of "justice" and pursuant to Rule 86,[3] we should exempt the appellants from the operation of Rule 41(b). The facts in nowise warrant such exemption. During six years the appellants kept their first case pending in the former district court without taking the necessary steps to complete the proceedings, notwithstanding they were granted several annual extensions to do so. Judgment of dismissal having been entered, the appellants did not move to amend it so that it would not operate as an adjudication upon the merits, nor moved for reconsideration, nor appealed to this Court, nor moved to vacate the judgment pursuant to the provisions of Rule 60(b). Moore, *op. cit.* at 1040, footnote 26. They did absolutely nothing, and nine years later they filed a complaint in the same court which was practically identical. No clearer circumstances can be conceived to warrant the application of Rule 41(b). Should we fail to apply it to those

---

[3] "These rules will take effect on September 1, 1943. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending would not be feasible or would work injustice, in which event the former procedure applies." 32 L.P.R.A., App. at 662.

facts, we would defeat its purposes as well as the statutory rule of res judicata incorporated therein. Furthermore, this action involves purely private relations in which there are no special considerations of public policy which, as in *Pérez* v. *Bauzá, supra,* would persuade us to adopt a contrary rule.

■ The appellants intimate, though they do not affirm it categorically, that the Rules of 1943 were not duly approved. A mere reading of Act No. 9 of April 5, 1941 (Sess. Laws, p. 330),[4] of the letter of March 18, 1943 addressed by this Court to the legislative houses (60 P.R.R., App., p. III),[5] and of Rule 86 vanishes any doubt in this respect.[6] The allegations of invalidity of Rule 41(b), founded on the existence of an undue delegation of powers, the deprivation of prop-

---

[4] "Section 1.—The Supreme Court of Puerto Rico, through rules which it shall promulgate and put in force from time to time, shall have the power to regulate judicial proceedings in all the courts of Puerto Rico, for the purpose of simplifying them and of promoting the prompt administration of justice. Such rules cannot repeal, amplify, or modify the substantial rights of litigants.

"After said rules are approved, a copy thereof shall be sent to the Legislature at its next regular session and they shall not begin to be in force until the closing of said session.

"The Supreme Court shall have said rules printed and shall place them on sale in the office of the secretary of the Court, at the cost of printing."

[5] "San Juan, Puerto Rico
March 18, 1944

To the Senate and House of Representatives of Puerto Rico Assembled in Regular Session:

By order of the Court, and in compliance with the provisions of Act No. 9 of 1941, Session Laws, p. 330, I have the honor to transmit herewith to that Legislature a copy of the Rules of Civil Procedure for the Courts of Puerto Rico, which have been adopted by the Supreme Court pursuant to the said act, to take effect on the 1st of September next.

Respectfully,

(Signed) EMILIO DEL TORO
Chief Justice of the
Supreme Court of Puerto Rico."

[6] See, also, Act No. 465 of April 25, 1946 (Sess. Laws, p. 1356).

erty without the due process of law, and a violation of the Civil Code, are too frivolous to merit discussion. The motion to set aside the award of attorney's fees is also without merit.

In conclusion, the trial court acted correctly in entertaining, by motion for summary judgment,[7] the defense of res judicata interposed by the defendant. That reason was sufficient to dismiss the complaint, and, therefore, we need not examine the other questions passed upon by that court and the appellants' contentions in respect thereto.

The judgment appealed from will be affirmed.

---

[7] The documentary evidence offered by the defendant covered all the aspects of the issue of res judicata and did not pose any controversy to be elucidated. The plaintiffs did not offer any documentary evidence. *Sánchez* v. *De Choudens*, 76 P.R.R. 1, 9 (1954); *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660.