**Paul RHODES, Appellant,**

**v.**

**Dwain L. JONES, Appellee.**

**No. 17927.**

United States Court of Appeals
Eighth Circuit.

Oct. 29, 1965.

Rehearing Denied Nov. 22, 1965.

Paul Rhodes, pro se.

Richard H. Murray, of Oppenheimer, Hodgson, Brown, Wolff & Leach, St. Paul, Minn., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Minnesota, dismissing appellant's complaint by which he sought to enforce against appellee, Dwain L. Jones, a judgment of the United States District Court for the District of Kansas, entered *in personam* against one Harry W. Edmondson. Appellee was not a party defendant to that Kansas litigation, nor has he ever been adjudged to be in privity thereto.

The bizarre circumstances giving rise to this litigation are so covered with Stygian fog, we shall not undertake to make a detailed statement thereof. We think it is sufficient to say that they commence in 1959, when appellant, a member of the Bar of the State of Nebraska, was first proceeded against for the crime of arson. During the pendency of that charge, appellant obtained a "Bench Warrant and Complaint" for the arrest of the State Judge before whom he had been arraigned. As a consequence, appellant and the County Court Judge by whom the "Bench Warrant" was issued, were convicted of contempt of court, and appellant was sentenced to nine (9) months' imprisonment in the Nebraska State Penitentiary. Upon completion of that sentence, appellant commenced a series of lawsuits against numerous judges and officials of the State of Nebraska, who, he asserted, had participated in his trial, conviction and imprisonment for contempt, alleging violation of civil and federal constitutional rights. The present action is the latest in the series of such litigation.

Prior to the commencement of the case at bar, appellant, in 1961, brought an action in United States District Court for the District of Nebraska, under the Federal Civil Rights Act, against a number of Nebraska judicial, quasi-judicial and law enforcement officers and their respective bonding companies. District Judge Van Pelt, of the United States District Court for the District of Nebraska, in that case ruled that all of the defendants named in that action were immune from civil action for damages, for acts performed by them in the capacity of, and under the authority of, their respective offices, particularly in connection with the contempt proceeding in which appellant was convicted, ante. That judgment and decision was affirmed by this court. Rhodes v. Houston, 202 F.Supp. 624, aff'd per curiam 309 F.2d 959, cert. den. 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).

Thereafter, in 1963, appellant filed two other suits in the United States District Court for the District of Nebraska, alleging substantially the same facts as in Houston, supra. The latter complaints were dismissed by District Judge Delehant, who, with his usual thorough analysis of fact and law, found and declared the defendants named in those actions to be immune from suit. Rhodes v. Meyer, et al., 225 F.Supp. 80, aff'd 8 Cir., 334 F.2d 709, cert. den. 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Rhodes v. Van Steenberg, 225 F.Supp. 113, aff'd 8 Cir., 334 F.2d 709, cert. den. 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964). Appellee here was specifically joined and appeared as a party defendant in Rhodes v. Meyer, supra. During the pendency of that litigation, appellant initiated the instant action in the United States District Court for the District of Minnesota. He also filed another suit, Rhodes v. Edmondson, T-3405, in the United States District Court for the District of Kansas. The latter action being against a former Nebraska prison guard whom Rhodes charged with conspiracy to deprive him of his civil and constitutional rights, the same as was alleged in the Nebraska federal

cases above cited. In Edmondson, however, defendant defaulted and that case was submitted to a jury for the purpose of assessing damages. A judgment of $500.00 statutory damages, $225,000.00 actual damages, and $225,000.00 punitive damages, was awarded Rhodes. Other litigation, not pertinent to the present inquiry, form additional parts of the history of the circumstances hereinabove related, but they need not be reported in detail here. However, see State ex rel. Nebraska State Bar Ass'n v. Rhodes, 177 Neb. 650, 131 N.W.2d 118 (1964), where judgment of disbarment of appellant was affirmed, premised in part on the background here involved.

In the light of the foregoing, the first matter that should here be noted is that appellee in the present action was at all times pertinent a former Special Assistant Attorney General for the State of Nebraska, who was named as a party and actively participated in the defense of Rhodes v. Houston, supra. He was joined as a defendant in that action and specifically found by Judge Delehant to be immune from suit on the claim appellant here asserts against him. Cf. 225 F.Supp., l.c. 107, which finding and determination was affirmed by this Court at 334 F.2d, l.c. 718.

As a consequence of that adjudicated matter, District Judge Devitt, of the United States District Court for the District of Minnesota, sustained appellee Jones' motion to dismiss appellant's first amended complaint as filed in the case at bar, with prejudice, on the grounds: (1) that the issues raised in this case have all been determined adversely to the plaintiff-appellant by the final decision of this Court as made in Rhodes v. Meyer, supra, and on the basis of that opinion ruled the facts here are now res judicata; (2) it was there also ruled that defendant-appellee is immune from the claims for civil damages as made by appellant in the case at bar, because it appears on the face of this record that appellee's activities of which appellant complains, were performed as a quasi-judicial officer of the State of Nebraska, and (3) the first amended

complaint here considered fails to state a claim upon which relief can be granted.

It is now contended by appellant that Judge Devitt erred in sustaining the defense of res judicata, ante, because (1) incorporation of state law claims in a civil rights suit "where no diversity of citizenship exists," cannot be res judicata to an action where such a claim is made and "diversity of citizenship does exist"; and (2) voluntary appearance in a civil rights suit where community of citizenship exists cannot bar, as res judicata, a suit based on state law where jurisdiction is invoked by reason of "diversity of citizenship."

Thus, tersely stated, it is appellant's contention that "the present action is not dependent on the Federal Civil Rights Act for jurisdiction of the District Court"; that federal jurisdiction over the instant action is invoked solely on the ground of "diversity of citizenship." Thus, he asserts, there is an aura of fact as to jurisdiction made against appellee in the instant case, which did not exist in the previous litigation by him in the United States District Court for the District of Nebraska, above cited; and solely because of the existence of "difference of citizenship" res judicata is not applicable to the claim he here makes against appellee, Jones. That there is no merit to the contention appellant so makes is demonstrated by consideration of the following matter.

■ Determination of the applicability of the doctrine of res judicata in a given case only requires a showing: (a) that there has been a previous action between the same parties; (b) involving the same subject matter in which (c) a final judgment on the merits has been rendered with respect to the same cause of action. Cf. Engelhardt v. Bell & Howell Co., 327 F.2d 30, 32 (8 Cir., 1964).

■■ A "cause of action" is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf. Under the Federal Rules of Civil Procedure, the word "claim" denotes the same thing, i. e. "the aggregate of opera-

tive facts which give rise to a right enforceable in the courts." Dery v. Wyer, 2 Cir., 265 F.2d 804, 807.

▮ Concededly, the present complaint involves a defendant who was a party defendant in the prior action of Rhodes v. Meyer, et al., supra, disposition of which was made on the merits of the same claim as appellant here makes against appellee. Dismissal of the complaint in Meyer was based upon the inadequacy of the complaint to state a claim against all the defendants there joined, thus the determination as made in that case on the merits of the facts pleaded constitutes a judgment sufficient to involve the doctrine of res judicata as made by appellee here. Cf. Rhodes v. Meyer, supra, 334 F.2d l.c. 716 (1964); 2 Moore's Federal Practice, § 12.14, at page 2267. As noted by this court in Engelhardt v. Bell & Howell, supra, at 327 F.2d l.c. 32:

> "The primary test for comparing causes of action has long been whether or not the primary right and duty, and the delict or wrong combined are the same in each action." (Citing Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.)

▮ It is apparent, upon comparison of the pleadings in the present action with the allegations made in Rhodes v. Meyer, supra, that appellant here urges the same primary wrong and deprivation of rights as he made in that prior litigation which was determined adversely to appellant with finality by this Court, supra. The allegation of jurisdiction, recitation of statutes cited, and constitutional provisions relied upon in the present complaint are, with one exception, the exact duplicate of the same allegations as made in the Meyer complaint, ante. In both instances, jurisdiction and the claim appellant here asserts against appellee are invoked under the provisions of 28 U.S.C.A. §§ 1331 and 1343, and 42 U.S.C.A. §§ 1981, 1983, 1985, 1986, 1987, 1988; the United States Constitution, Amendments IV, V, VI, VII, XIII, and XIV, Article I, Section 9 of the United States Constitution; and R.R.S. Nebraska, 1943, reissue of 1956, §§ 7–105, 7–106, 29–2801, 29–2805, 29–2806, 29–2809 and 29–2819. The only difference between the complaint in Meyer and the allegations made in the instant complaint is the additional allegation of diversity of citizenship jurisdiction, as a basis unavailable to appellant in Meyer. Appellant's contention that this additional allegation of jurisdiction bars application of the doctrine of res judicata, is without merit. Appellant gained no new rights by alleging in the amended complaint here, such additional jurisdictional basis, where the causes of action alleged are revealed as arising out of the same state of facts and subject matter as made in the two prior suits filed by him, ante. That appellant cannot, by merely varying the basis of jurisdiction, escape the operation of the principle of res judicata, as declared by Judge Devitt, ante, see 30A Am.Jur. 409, Title, Judgments, § 366; Freeman on Judgments, 5th Ed., § 684, pp. 1443–44.

That the cause of action alleged in the case at bar is one and the same and relates to the same events as those adjudicated by this Court in Meyer, supra, is made clear from any casual comparison of the petition filed in that case with the petition filed in the present case. Both petitions allege that defendant's wrongful actions occurred within the scope of appellee's office as a Special Assistant Attorney General of the State of Nebraska, and consisted of his participation in a conspiracy with the same co-defendants, i. e., State Supreme Court Justices, State District Judges, Prosecuting Attorneys, Clerk of Court, Sheriffs, Law Enforcement Officers, Prison Officials and members of the Nebraska Integrated Bar. Such conspiracy, it is alleged in both cases, generated from the same source, appellant's trial in a state court for "contempt"; and service of the sentence imposed, which he asserts resulted in a violation of his federal civil and constitutional rights. Finally, both petitions relate ad damnum clauses which are nearly identical. The amount demanded as special damages is the same

in both complaints. The above parallelisms amply satisfy the test of Engelhardt v. Bell & Howell Co., supra, that "the primary right and duty, and the delict or wrong combined are the same in each action." Hence, it is clear in the record here that the doctrine of *res judicata* is clearly applicable.

It is argued by appellant that he was compelled to twice serve the sentence for contempt imposed on him, and that this is contrary to due process and equal protection of the law. The merit of such allegation has heretofore been determined adversely to appellant on at least three occasions in the history of the Rhodes litigation, ante, and we feel that another assignment of that matter in this case is nothing other than frivolous. The Nebraska Supreme Court in Rhodes v. Sigler, 172 Neb. 439, 109 N.W.2d 731 (1961), pointedly determined that the "first imprisonment" of which appellant complains, was for the limited purpose of holding plaintiff in custody pending his admittance to bail, while the so-called "second imprisonment" was for the purpose of serving the sentence imposed on appellant for "contempt". In Sigler, at 109 N.W.2d l.c. 733, that Court stated:

"We think it clear that from the 21st of November 1960, when the contempt judgment was rendered, the relator was subject to be taken into custody and held pending further orders of the court. Our order suspending the sentence did not suspend liability to that custody save and until the relator was admitted to bail. Relator is now being held in custody pending the determination of error proceedings from Morrill County. He is not being held as one serving the sentence imposed in that action.

"It appears from this showing that the sheriff had full authority under the provisions of section 29–1001, R.R.S.1943, to hold relator in a 'secure and convenient place of confinement' * * *."

In addition, it is clear from the complaint in the Meyer case, supra, to which appel-lant was a party that reference was made there to the commencement of the so-called "second imprisonment." And Judge Delehant stated:

"While it must be understood that the plaintiff does advance that position in his Amended Complaint in this case (that he twice served the sentence imposed upon him or, at least, a part of it), the court is quite aware that he tenders it much more directly in Case No. 01784, (Rhodes v. Van Steenberg, supra) * * *." 225 F.Supp. 80, 110 (f.n. 19).

And, on appeal, this Court concluded, in the Meyer case, supra:

"The continuance of the second confinement is the natural result of the decision in Houston, and since the court there found no basis for a civil rights action up to that point certainly no new cause of action is created beyond that point, at least in regard to the two-time defendants." 334 F.2d 709, 714.

In light of the above, we hold the doctrines of *res judicata* and *stare decisis* preclude further consideration by us of appellant's allegation of denial of constitutional rights by reason of his "second commitment" to the Nebraska State Penitentiary as asserted in the case at bar.

A second feature of his first amended complaint which appellant alleges states facts additional to, or different from, those alleged in Meyer, supra, is the allegation he makes of violation of the motor vehicle laws of Nebraska by revocation of his motor vehicle operator's license on January 24, 1961, upon his conviction for a felony. Although the complaint in Meyer did not present a counterpart of this claim, we do not agree with appellant's contention that such is "an independent action of itself," which "could not be decided on state law as in Rhodes v. Meyer because of lack of diversity of citizenship." As stated above, the allegation of diversity of citizenship as an additional basis for jurisdiction in the case at bar did not, standing alone, provide appellant with additional rights herein, where the purportedly new causes of

action arise out of the same basic facts as those adjudicated in his prior suit. Revocation of appellant's motor vehicle operator's license allegedly without due process of law, can be nothing other than an additional item of damage flowing from the alleged basic wrong and which should have been included in the prior actions commenced by appellant, supra. The law of *res judicata* is that the conclusiveness of a judgment in a prior case extends not only to matters actually determined but also to other matters which could properly have been determined therein, as it is clear that the alleged wrongful revocation of appellant's motor vehicle operator's license as raised in the present case is a matter which falls within the purview of the prior action. Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L. Ed. 832; 30 Am.Jur. 416–17, Title, Judgments, § 372.

As Judge Van Oosterhout stated in Rhodes v. Meyer, 334 F.2d 709, 712: "The doctrine of res judicata is especially applicable where protracted and multiple litigation of similar issues appears to be in the offing." Such is clearly the case in the present appeal. It appears to this Court to be quite impossible to distinguish the claims alleged in the present amended complaint from the claims alleged in Meyer. Both demand relief from alleged wrongs committed by the same defendant and suffered by the same plaintiff, all of which are rooted in the same prosecution, conviction and sentence of the plaintiff. Notwithstanding the difference in detail in the manner of presentation of the complaint in these two cases, we are compelled to hold that Rhodes v. Meyer, supra, is dispositive of all the issues raised in the present case and *res judicata* to it. Other issues raised by appellant in his attempt to distinguish between the two actions have been given full consideration and found to be frivolous and without merit.

The judgment appealed from is affirmed.