**T. Eugene THOMPSON, Plaintiff,**

v.

**ZURICH INSURANCE COMPANY, Defendant.**

**No. 2–66 Civ. 87.**

United States District Court,
D. Minnesota,
Second Division.

Feb. 20, 1970.

T. Eugene Thompson, pro se.

Mordaunt, Walstad, Cousineau & McGuire, by Peter F. Walstad, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Plaintiff, T. Eugene Thompson, on December 6, 1963 was found guilty by a jury of the crime of murder in the first degree, having caused the felonious death of his wife, Carol S. Thompson. His conviction was affirmed by the Minnesota Supreme Court, State of Minnesota v. T. Eugene Thompson, 273 Minn. 1, 139 N.W.2d 490 (1966), and his appeal to the United States Supreme Court from the conviction was denied, Thompson v. Minnesota, 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966). Post conviction habeas corpus proceedings were filed in this court but dismissed for failure on Thompson's part to exhaust his State court remedies. Thompson v. Tahash, 286 F.Supp. 663 (D.Minn. 1968). Such proceedings are now pending in State court. Thompson stated at the hearing before this court that he has appealed or intends to appeal from a denial of relief by the State court trial judge.

Independently of all of the above, on February 24, 1966, plaintiff commenced an action against the defendant Zurich Insurance Company in the Minnesota District Court, Faribault County, seeking recovery on a $25,000 life insurance policy claimed to be owned by him and insuring the life of the murdered victim, his wife Carol S. Thompson. The defendant timely removed the case to this court where it has since remained inactive except for stipulations and orders of continuance, until the bringing of the present motion by defendant for a summary judgment in its favor.

It appears that plaintiff had a number of life insurance policies in six various insurance companies insuring the life of his wife Carol. Apparently these companies anticipated further suits, for on or about April 29, 1966 some two and a half months after the filing of the present suit, the six companies including this defendant the Zurich Insurance

Company commenced a joint action as co-plaintiffs in the Minnesota District Court in the form of a declaratory judgment action resisting payment of the proceeds of the various policies on the basis of Minn.Stat. § 525.87 titled "Murderer Disinherited", and which applies *inter alia* to the "beneficiary of any policy of insurance." On appeal the Minnesota Supreme Court held in Travelers Ins. Co. v. Thompson, 281 Minn. 547, 163 N.W.2d 289 (1968), that the insurance companies were entitled to summary judgment in their favor, thereby denying Thompson all rights in any of the policies. The court held that the judgment of conviction of first degree murder was a conclusive determination under the doctrine of collateral estoppel that Thompson had feloniously taken the life of the insured and that this issue thus could not be relitigated in a civil suit or suits against the various insurers; that the Statute is designed to prohibit the murderer from profiting from his own crime; that the fact that the criminal conviction is not final in the true sense under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and succeeding cases because the defendant may have a review by way of habeas corpus at any time if constitutional rights are violated does not suspend the "operation of well-established rules of *res judicata* in civil cases." Application for a re-hearing was made to, and denied by, the Minnesota Supreme Court and a subsequent attempt to appeal to the United States Supreme Court was denied Thompson v. Travelers Ins. Co., 395 U.S. 161, 89 S.Ct. 1647, 23 L.Ed. 2d 175 (1969). Judgment in favor of the insurance companies, including the present defendant Zurich Insurance Co. has now been entered in the State District Court and has become final.

The court need not decide whether, under the Minnesota Rules of Civil Procedure Thompson in the declaratory judgment action aforesaid might have interposed against the Zurich Insurance Company as one of the plaintiffs the defense that another action was pending, i. e.,

the one now before this court, so as to operate as the equivalent of the old plea in abatement. No such defense was made or asserted and the controversy between Zurich Insurance Company and T. Eugene Thompson involving exactly the same parties, exactly the same issues, and the same exact insurance policy was submitted to and determined by the Minnesota Court.

■ It seems very clear to this court that the decision of the Minnesota Supreme Court operates as *res judicata,* i. e., a thing adjudicated. The law of *res judicata* is firmly established and provides that whenever a court having proper jurisdiction has rendered a final judgment upon the merits of a cause of action, that judgment is binding upon the parties thereto. This is true not only as to the issues actually litigated but also to "every matter which could have been litigated." Towle v. Boeing Airplane Co., 364 F.2d 590 (8th Cir. 1966). Thus the generally accepted rule is that in subsequent litigation upon the same cause of action as in the prior suit, the parties and their privies are precluded from receiving any additional or differing relief. *Towle, supra;* Tait v. Western Md. Ry., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 (1933); Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S. Ct. 600, 71 L.Ed. 1069 (1927); Engelhardt v. Bell & Howell Co., 327 F.2d 30 (8th Cir. 1964); Rhodes v. Meyer, 334 F.2d 709 (8th Cir. 1964). It is clear that the Minnesota rule of *res judicata* is the same as the general rule almost universally applicable. National Farmers Union Property & Cas. Co. v. Fisher, 284 F.2d 421 (8th Cir. 1960). This latter case collects the Minnesota cases apposite to this point.

In Rhodes v. Jones, 351 F.2d 884 (8th Cir. 1965), the factors in determining the applicability of the doctrine of *res judicata* were clearly set forth by the court. The court stated that the applicability of the doctrine only requires a showing:

" * * * (a) that there has been a previous action between the same par-

ties; (b) involving the same subject matter in which (c) a final judgment on the merits has been rendered with respect to the same cause of action." 351 F.2d at 886

The Eighth Circuit in Rhodes v. Jones, *supra* defined a "cause of action" as a situation or state of facts which would entitle a party to sustain an action and give him the right to seek judicial interference in his behalf. Under the Federal Rules of Civil Procedure, the word "claim" denotes the same thing—"the aggregate of operative facts which give rise to a right enforceable in the courts." Dery v. Wyer, 265 F.2d 804, 807 (2nd Cir. 1959). In Rhodes v. Jones, *supra*, the court also noted that a party cannot by merely varying the basis of jurisdiction escape the operation of the doctrine of *res judicata*. 351 F.2d at 887.

■ The court believes that what has been said above puts an end to the present inquiry. However, could it be said for some reason that the doctrine of *res judicata* has no application here, the Federal Court is required in a diversity action such as this to apply State law. As above indicated, the doctrine of collateral estoppel in circumstances such as are extant in this case clearly is the state law as of now. This court is much impressed with the reasoning contained in Travelers v. Thompson, 281 Minn. 547, 163 N.W.2d 289 (1968), and need not place itself in the position in which it might have been were it trying this case as of the filing date in 1966 and thus be attempting to foretell what decision the State court would make. As of the date of these present proceedings the State Supreme Court has spoken and the State law for this court to follow has been clearly established.

Plaintiff raises the interesting points: (1) That he is penalized because he elected in his criminal case to stand trial rather than to plead guilty without a trial. He cites Jankowski v. Clausen, 167 Minn. 437, 440, 209 N.W. 317, 318 (1926), a Minnesota case holding that in a subsequent proceeding a defendant may challenge, explain or elaborate upon the reasons for a plea of guilty. He concludes from that case that the doctrine of collateral estoppel would not apply to a situation where a plea of guilty had been entered but is held now to apply where one elects to stand trial. Thus the Minnesota Supreme Court is able to say the issue previously was litigated, one of the prime requirements for the application of the doctrine of collateral estoppel. Plaintiff claims he has been deprived of constitutional rights and unconstitutionally discriminated against in this regard.

(2) That his being deprived of the insurance proceeds constitutes a forfeiture of property, contrary to the Minnesota Constitution, Article I, Section 11 and Minn.Stat. § 631.471 prohibiting all forfeitures of property for a criminal conviction. The statute reads:

"A conviction for any crime does not work a forfeiture of any property real or personal or of any right or interest therein."

He contends the insurance policies were his property on which he paid the premiums and that by its decision in *Travelers* the Minnesota Supreme Court has caused a forfeiture of his property.

■ Without passing on the merits of either point, there are two answers to these contentions. First, to the extent that the points have merit, the long established principle of *res judicata* above discussed bans consideration thereof by this court. It must be remembered that the court here is dealing with a civil and not a criminal case. Hence not only any contentions, issues or defenses raised but also those that could have been raised are barred by *res judicata*. The above contentions do not depend on newly discovered evidence or any such theory, but always existed and could have been presented to the Minnesota court.

■ Second, these two points were in fact raised by Thompson both in his petition for rehearing lodged with the Minnesota Supreme Court after the

*Travelers* decision, see Thompson's "Appeal Jurisdictional Statement" to the United States Supreme Court, appendix p. 42, et seq., and also were raised before the United States Supreme Court for its consideration in passing on the granting of the appeal. The Minnesota Supreme Court denied the petition for rehearing and the United States Supreme Court refused to accept the appeal. Thompson v. Travelers Ins. Co., 395 U.S. 161, 89 S.Ct. 1647, 23 L.Ed.2d 175 (1969). Thompson's points and contentions thus actually were before both courts and clearly for this reason if for no other are included within the scope of *res judicata*.

A separate order has been entered granting defendant's motion for summary judgment in its favor.