Ira GISSEN, Plaintiff,

v.

Arthur L. TACKMAN et al.,
Defendants.

Civ. A. No. 75-522.

United States District Court,
D. New Jersey.

May 28, 1975.

Bernard A. Kuttner, Newark, N.J., for plaintiff.

Richard T. Philips, Asst. U.S. Atty., Newark, N.J., for defendants.

## OPINION

WHIPPLE, Chief Judge.

This matter is before the Court on defendants' motion to dismiss the complaint, or, in the alternative, for summary judgment. The plaintiff alleges discriminatory conduct on the part of the defendants, all of whom are officials of the United States Department of Housing and Urban Development, (HUD), and he seeks both compensatory and punitive damages. It is contended that the defendants, in their capacity as employees of HUD, transferred the plaintiff from one regional office to another based solely on the fact that he is both caucasian and a member of the Jewish religion.

The plaintiff in this cause advances facts and seeks relief identical to that which he previously sought in *Gissen v. Tackman,* 401 F.Supp. 305 (D.C.N.J. 1975) (Whipple, J.). [Hereinafter *Gissen I*]. The only discernable difference between the two actions is that plaintiff now alleges additional jurisdiction pursuant to provisions of the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

In *Gissen I,* this Court granted the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), holding that they were immune from suit under the doctrine of official immunity. The defendants maintain that this Court's ruling in *Gissen I* constitutes *res judicata,* thereby creating a bar to the present action. The plaintiff, on the other hand, apparently contends that the dismissal of the complaint in *Gissen I* was not on the merits and therefore the subsequent action, alleging a different jurisdictional basis, may not be barred by the doctrine of *res judicata.*

■ Determination of the applicability of the doctrine of *res judicata* requires a showing that there has been a previous action between the same parties, involving the same subject matter, upon which a final judgment *on the merits* has been rendered with respect to

the *same cause of action. Rhodes v. Jones,* 351 F.2d 884, 886 (8th Cir. 1965); 1B *Moore, Federal Practice* ¶ 0.405[1] and 0.409[1] (2d ed. 1948). The two major issues presented to the Court for determination, either of which may prevent the doctrine of *res judicata* from applying, are 1) whether the final judgment in *Gissen I* was "on the merits", and, if so, 2) whether the allegation of different jurisdictional grounds is sufficient to constitute a different cause of action.

■■ It is clear that a judgment is "on the merits" where the substance of the claim, as distinguished from matters of practice, procedure, jurisdiction or form, has been determined. *Clegg v. United States,* 112 F.2d 886, 887 (10th Cir. 1940); *see Etten v. Lovell Mfg. Co.,* 225 F.2d 844, 846 (3d Cir. 1955); *Restatement of Judgments* § 49 (1942). Where the Court merely holds that there is some technical or procedural reason why the plaintiff cannot recover on his cause of action, the judgment is not deemed to be "on the merits". Dismissals by reason of lack of jurisdiction or improper venue are examples of those judgments which have consistently been held to be "not upon the merits". *Smith v. McNeal,* 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1883); *Etten v. Lovell Mfg. Co., supra.*

In support of his contention that the judgment in *Gissen I* was not upon the merits, plaintiff relies upon the case of *Miller v. Saxbe,* 396 F.Supp. 1260 (D.D. C.1975) (Gesell, J.). In that case, which is strikingly similar to the one at bar, the Court held that the dismissal of the prior action was not "on the merits" for *res judicata* purposes and consequently a subsequent action raising different jurisdictional grounds could be maintained. That case, however, is easily distinguishable from that *sub judice.*

The Court in *Miller v. Saxbe* dismissed the prior complaint because it lacked subject matter jurisdiction—the result of plaintiff's failure to comply with the 30 day filing requirement of

the Equal Employment Opportunity Act of 1972. The complaint in *Gissen I*, however, was dismissed pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

▊ It is well settled that a judgment dismissing a complaint pursuant to Fed. R.Civ.P. 12(b)(6) is presumed to be on the merits for *res judicata* purposes, unless the contrary appears on the record. In a subsequent suit on the same claim the judgment has the same effect as if it was rendered after trial. *See Bartsch v. Chamberlin Co.*, 266 F.2d 357 (6th Cir. 1959)·; 1B *Moore, Federal Practice* ¶ 0.409[1] (2d ed. 1942).

▊ Since the order of dismissal in *Gissen I* was not based upon lack of jurisdiction (as in the case of *Miller v. Saxbe*) or improper venue, and did not specify that it was not upon the merits, it operated as an adjudication upon the merits sufficient to allow the application of the doctrine of *res judicata*. *See Bartsch v. Chamberlin, supra*. Such being the case, it now becomes necessary for this Court to determine whether the plaintiff's allegation of additional jurisdiction is adequate to render the present action sufficiently different from *Gissen I* to bar the applicability of *res judicata*.

▊▊ As was stated by the Court in *Rhodes v. Jones*, 351 F.2d 884, 886 (8th Cir. 1965), *cert. denied*, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673:

> A "cause of action" is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf.

A fundamental test which is frequently applied when comparing causes of action is "whether or not the primary right and duty, and the delict or wrong combined are the same in each action." *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 32 (8th Cir. 1964) (citing to *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927)); *see Rhodes v. Jones, supra*. Under this test, there is but one cause of action where there is but one right in the plaintiff and one wrong on the part of the defendant involving that right. A party cannot escape the operation of *res judicata* where he merely varies the basis of jurisdiction in a subsequent action. *Rhodes v. Jones, supra* at 887.

It is clear that in the present case, except for the assertion of an additional jurisdictional ground, the plaintiff has alleged the same primary wrong and deprivation of rights that he advanced in *Gissen I*. That the cause of action in the present case is the same as that in *Gissen I* is evident from a comparison of the complaints filed in both instances. The final judgment on the merits in *Gissen I* is conclusive as to all matters which were or *could have been* litigated in the first proceeding, including claims under the Civil Rights Act. *See Commissioner v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876). Plaintiff's contention that the assertion of jurisdiction under the Civil Rights Act bars the application of *res judicata* is therefore without merit.

For the foregoing reasons, the defendants' motion to dismiss is granted without costs.

The defendants shall submit an appropriate order.