Fred **ENGELHARDT**, d/b/a Engelhardt Camera Store, Plaintiff,

v.

**BELL & HOWELL COMPANY**, a corporation, Defendant.

No. 62 C 250(3).

United States District Court
E. D. Missouri, E. D.
Feb. 6, 1963.

Caruthers & Montrey, St. Louis, Mo., for plaintiff.

Coburn, Croft & Cook, St. Louis, Mo., for defendant.

REGAN, District Judge.

This matter is before the Court on defendant's motion for summary judg-

ment. This is the fourth attempt by the same plaintiff to recover against the same defendant for alleged unlawful termination of a dealer's franchise. In the first action between these parties, the petition was filed in the Circuit Court of the City of St. Louis and removed to the Federal District Court wherein it was dismissed without prejudice by the plaintiff. Subsequently, the plaintiff filed a second petition against the same defendant in the Circuit Court of St. Louis County, which petition was removed to the Federal District Court and dismissed without prejudice by the plaintiff. In both of these actions, plaintiff charged the defendant with violation of Chapter 416, Revised Statutes of Missouri 1949, V.A.M.S. Thereafter, plaintiff retained new counsel and filed the third action in the Circuit Court of St. Louis County charging the defendant with violation of Chapter 416, Revised Statutes of Missouri 1949, V.A.M.S., and of conspiracy to violate Chapter 416, in restraint of trade. This action was likewise removed to the District Court, after which a motion for summary judgment was filed by the defendant, argued to the Court and sustained. The action of the Court was appealed to the Eighth Circuit Court of Appeals, which Court, in an opinion reported at 299 F.2d 480, affirmed the action of the trial court. The fourth action was initiated by a complaint in the District Court by plaintiff against the same defendant, which complaint charges substantially the same delict as that contained in earlier petitions, but additionally charges this defendant with violation of Section 4 of the Clayton Act (Title 15 U.S.C. § 15), and also a violation of Section 1 of the Sherman Anti-Trust Act, as amended (Title 15 U.S.C. § 1).

The defendants have filed a motion for summary judgment, the purport of which is that this action is res judicata by reason of the two dismissals of the plaintiff, which affected an adjudication on the merits of the action under Rules of Federal Procedure 41(a) (1), and further this matter is res judicata by reason of the summary judgment entered in the third cause of action and the affirmation of the trial courts judgment by the Eighth Circuit Court of Appeals.

Plaintiffs have two contentions: First, that this matter is not res judicata because the actions heretofore pleaded alleged violations of State law; and Secondly, that even if the earlier petitions were res judicata, the present action is still alive because they alleged in the fourth complaint violations of the Clayton Act and also the Sherman Anti-Trust Act. In addition they charged a continuing conspiracy between this defendant and other dealers to violate these Acts. Therefore, the motion for summary judgment should not be sustained for acts which plaintiff contends occurred subsequent to the determination of the third action.

■ The question before this Court on the motion is: Do either of these allegations sustain the position that a different cause of action is pleaded in the fourth petition? The primary test for comparing causes of action has long been whether or not the primary right and duty, and the delict or wrong combined are the same in each action. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S. Ct. 600, 71 L.Ed. 1069; F. L. Mendez & Co. v. General Motors Corporation, 7 Cir., 161 F.2d 695. Chief Justice Warren in Lawlor v. National Screen Service, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122, suggests that the fact that two suits involve essentially the same course of wrongful conduct is not decisive. In addition, he considered in the Lawlor case (1) whether new violations were alleged; and (2) whether new parties were involved.

■ The action set forth in the complaint here involved arises out of the same transactions as the prior pleaded actions, would require the same evidence in the proof of the claims, and seeks the same type of relief against the same parties, without alleging new violations

not founded upon those adjudicated in the prior actions. The situation is similar to that in Norman Tobacco & Candy Company v. Gillette Safety Razor Company, 5 Cir., 295 F.2d 362, where an action founded upon the Federal Anti-Trust laws in the Federal Court was held to be res judicata by virtue of adjudication of an action arising out of the same pleaded transaction based upon a common law contract theory.

■ Furthermore, while the three prior actions were based upon state law and originally filed in state courts, all three actions were removed to the Federal Court where plaintiff could have amended his pleadings to allege any violation of the Clayton Act, or the Sherman Anti-Trust Act. See Freeman v. Bee Machine Company, Incorporated, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. As was stated in Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329:

> " * * * res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding 'but also as respects any other available matter which might have been presented to that end.' Grubb v. Public Utilities Comm'n, supra [281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972]; Cromwell v. County of Sac, supra [94 U.S. 351, 24 L.Ed. 195]".

See also Stark v. Starr, 94 U.S. 477, 24 L.Ed. 276.

■ · The Court believes that the utterances of the Eighth Circuit Court in Guettel v. United States, 95 F.2d 229, 118 A.L.R. 1060, wherein the Court said the rule of res judicata is based upon that public policy which requires that a single controversy which is capable of being completely determined in one suit shall be ended by the judgment in that suit and shall not become the subject matter of subsequent litigation. Moreover, it is the belief of this Court that

that statement of the Eighth Circuit is dispositive of the issues herein. Therefore, defendant's motion for summary judgment is sustained.

This Memorandum Opinion is adopted as Findings of Fact and Conclusions of Law, and the Clerk is directed to enter summary judgment in accordance herewith.