Fred **ENGELHARDT,** d/b/a Engelhardt's Camera Store, Appellant,

v.

**BELL & HOWELL CO.,** a Corporation, Appellee.

No. 17311.

United States Court of Appeals Eighth Circuit.

Jan. 30, 1964.

Rexford H. Caruthers, St. Louis, Mo., Gerhard J. Petzall, H. Tracy Huston, St. Louis, Mo., and Counsel—Guilfoil, Caruthers, Symington & Montrey, St. Louis, Mo., for appellant.

Richard C. Coburn, St. Louis, Mo., Gerald M. Smith, St. Louis, Mo., and Counsel—Coburn, Croft & Cook, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff from final judgment sustaining defendant's motion for summary judgment upon the ground of res judicata and dismissing plaintiff's claim for treble damages made under 15 U.S.C.A. § 15 based upon acts of defendant alleged to have been committed in violation of 15 U.S.C.A. § 1. The trial court's well-considered opinion, setting out the facts and the reason for the dismissal, is reported at 214 F.Supp. 195.

This is the fourth action commenced by the plaintiff against the defendant based upon claimed anti-trust violations. Three prior actions had been commenced by plaintiff in the state court alleging violation of Missouri anti-trust statutes, Chapter 416, Revised Statutes of Missouri, 1949, V.A.M.S. Each of such cases was removed to the federal court upon the basis of diversity of citizenship. The first two cases were voluntarily dismissed by the plaintiff. The trial court dismissed the third case upon the ground of res judicata, holding that the voluntary dismissal of the second suit after a prior voluntary dismissal of the first suit constituted a dismissal with prejudice on the merits by reason of the provisions of Federal Rules of Civil Procedure, Rule 41(a) (1) (2). We affirmed. Engelhardt v. Bell & Howell Co., 8 Cir., 299 F.2d 480. Our opinion sets out the factual background of the three prior cases and the legal basis for the application of res judicata.

Plaintiff in his present appeal urges that he is entitled to a reversal of the final judgment of dismissal for the following reasons:

"I.

"The District Court erred in granting appellee's motion for summary judgment because a cause of action based upon violation of the Federal Anti-Trust Acts (Title 15, U.S.C.) is distinct from a cause of action based upon state anti-trust law, and is not barred under the doctrine of res judicata by the prior adjudication of cases based upon such state statutes."

"II.

"The adjudication of the prior suit, between these parties, does not bar the cause of action alleged in the case at bar for damages arising from the unlawful acts of appellee which have continued to occur subsequent to the dismissal of those actions."

I.

Defendant relies upon res judicata (claim preclusion) and not upon collateral estoppel (issue preclusion).[1]

1. See Vestal, The Constitution and Preclusion/Res Judicata, 62 Mich.L.Rev. 33. As pointed out in Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122, (including n. 6) the term of res judicata is frequently broadly used to cover merger, bar, collateral estoppel, and direct estoppel. Here, as in Lawlor, collateral estoppel is not applicable as the case was never tried and hence no findings of fact were made which the parties are precluded from challenging.

■ The law of res judicata as it relates to claim preclusion is firmly established. In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided. Tait v. Western Md. Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060.

The parties to the present action are exactly the same as the parties to the three prior actions. Thus, if the cause of action here is the same as that asserted in the prior actions, res judicata bars relief.

■ The vital issue presented by this appeal is whether the cause of action pleaded in the present complaint is the same cause of action pleaded in the three prior actions. The trial court held all pertinent complaints state the same cause of action. The test applied in making such determination is stated by the court as follows:

"The primary test for comparing causes of action has long been whether or not the primary right and duty, and the delict or wrong combined are the same in each action. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; F. L. Mendez & Co. v. General Motors Corporation, 7 Cir., 161 F.2d 695." 214 F.Supp. 195, 196.

Such is a proper statement of the applicable test. For additional supporting authorities, see Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir., 295 F.2d 362; Williamson v. Columbia Gas & Electric Corp., 3 Cir., 186 F.2d 464; 1 Am.Jur.2d Actions §§ 1, 128.

■ Plaintiff urges that the cause of action here pleaded is not the same as the cause of action pleaded in his prior suits. He points out that in the present action relief is sought under federal anti-trust statutes, whereas the prior actions were for relief under the Missouri anti-trust statute, and that the amount of damages sought in each of the suits is different. Plaintiff in his brief summarizes his view with respect to the distinctions between this action and the previous actions as follows:

"It will suffice to point out that the allegations in this case that the business relationship which existed between appellant and appellee under the 'Retail Dealer Franchise Agreement' involved a continuous flow in interstate commerce; that the complained of activities of appellee have been carried out in Illinois, Missouri and other states; that the specified activities of appellee have unreasonably restrained interstate commerce; and that appellee has committed acts forbidden by Section 1 of the Sherman Anti-trust Act, are not contained in any of the previous cases. These facts create a determinative difference between this case and the others for they constitute a cause of action based upon violation of the Federal Antitrust Acts which is separate and distinct from the cause of action pleaded in the earlier cases."

Additionally, plaintiff asserts that the quantum of damages sought in the suits differs. While there is some variance in the amount of damages, both the Missouri and federal statutes provide for treble damages and substantial treble damages are claimed in each action.

It is quite true that the present complaint, unlike the earlier complaints, makes specific allegations with respect to the interstate character of defendant's wrongful activities and alleges that such activities unreasonably restrained interstate commerce and that the damages are claimed under the Federal Anti-Trust Acts. Nevertheless, the basic wrongful

acts pleaded in all actions appear to be the same. Plaintiff in each complaint asserts he is a resident of St. Louis County, Missouri; that he operates a retail camera store in St. Louis selling cameras, projectors, film and related items; that defendant is an Illinois corporation manufacturing photographic equipment; that in 1953 plaintiff entered into a "Retail Dealer Franchise Agreement" with defendant by reason of which plaintiff purchased, promoted and sold defendant's products; that defendant notified plaintiff of the cancellation of such contract, effective March 8, 1959, and directed plaintiff to discontinue the sale and promotion of defendant's products; that the defendant entered into unlawful pools, trust agreements, combinations and conspiracies with other dealers aimed at regulating and controlling and fixing the price of its products, thus lessening free competition in the sale of such products in Missouri; and that defendant refused to sell to the plaintiff and boycotted and threatened other dealers to prevent them from selling defendant's products to the plaintiff, thereby depriving plaintiff of access to defendant's products for the purpose of reselling and causing the plaintiff the loss of profits that would otherwise have accrued to him in handling such products.

In the Williamson case, supra, damages in the action first commenced were sought under the Sherman Act, and in the second action under the Clayton Act. The court recognized that differences existed between things prohibited by such acts, but nevertheless held that a single cause of action existed and that res judicata applied. The court stated that the purpose of res judicata is to end litigation and that parties should not have to relitigate issues which they had already litigated or had a reasonable opportunity to litigate. The court states:

"Reference to the basic theory of tort liability substantiates the position taken here. To put it in rather elementary tort language, the basis of the plaintiff's recovery is liability-creating conduct on the part of the defendant, the invasion of a legally protected interest of the plaintiff and the necessary causal connection between defendant's acts and plaintiff's injury. The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not." 186 F.2d 464, 470.

Cited for authority for such conclusion is United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476, where Justice Holmes states, "But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim * * * and, a fortiori, he cannot divide the grounds of recovery." This court has taken the same position in Guettel v. United States, supra.

The case of F. L. Mendez & Co. v. General Motors Corp., 7 Cir., 161 F.2d 695, involves repetitive actions brought under the Sherman and Clayton Acts and holds that only one cause of action is involved in the successive complaints wherein plaintiff claimed he was wrongfully deprived of his right to sell defendant's automobiles. The court, in discussing the same evidence test, quotes in part from United States v. United States Gypsum Co., D.C., 51 F.Supp. 613, 623, as follows:

"It is of course true that the question what wrong is sued on must be determined from the allegations in the respective plaintiff's pleadings. But if from the four corners of the pleadings in each of the two cases

it appears that the wrong sued on in each is the same, then the assertion in the second case of facts wholly different from those asserted in the first will not defeat the plea. In short, 'the same evidence test,' if applied with complete literalness, is valid as a positive but not as a negative test for determining the identity of causes."

and then states:

"With this language we are in accord. We agree that the same evidence test may well be valid as a positive but not always as a negative test." 161 F.2d 695, 698.

In the Norman Tobacco & Candy Co. case, supra, the court held that an antitrust action by a wholesaler against a manufacturer was barred by a prior judgment against the wholesaler in a contract action based upon the same refusal to sell products to the wholesaler. The court determined that the right violated and the wrong committed in both of the actions were the same and that the fact that the refusal to sell was in one action alleged to have been wrongful for one reason and in the latter action for another does not alter the fact that the cause of action was for the same injury. The court states: "It is settled, contrary to appellant's contention, that a litigant may not split his claim and have two trials on the same alleged breach of duty." 295 F.2d 362, 363.

There is general agreement that the Missouri statute and the federal statute are not inconsistent or in conflict with each other. See State on Information of Dalton v. Miles Laboratories, Inc., 365 Mo. 350, 282 S.W.2d 564, 574, n. 14.

In Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 502, 69 S.Ct. 684, 690, 93 L.Ed. 834, Justice Black stated: "The Missouri policy against restraints of trade is of long standing and is in most respects the same as that which the Federal Government has followed for more than half a century."

The more specific allegations of interference with interstate commerce in the present complaint and the variance in the amount of damages claimed are insufficient to establish that the present cause of action is different from that pleaded in the prior actions. Obviously, interstate commerce was involved in the prior actions as the shipments previously made to plaintiff came largely from defendant's plant located outside Missouri. In any event, the basic wrong asserted by the plaintiff in all cases was the defendant's wrongful invasion of plaintiff's right to handle defendant's products by individual action and by wrongful action taken in concert with others, and the causal connection between defendant's acts and the injuries.

Plaintiff places his primary reliance upon Lyons v. Westinghouse Electric Corp., 2 Cir., 222 F.2d 184. There plaintiff brought an action in the United States district court for treble anti-trust damages against Westinghouse. Westinghouse had brought a suit against the plaintiff for breach of contract to which Lyons interposed a defense to the effect that the contract was vitiated by the same anti-trust acts which were the basis for Lyons federal anti-trust suit. The state court found for Westinghouse and rejected the anti-trust defense. Plaintiff's appeal from such decision was pending. The district court granted Westinghouse's motion to stay the federal court proceedings pending final judgment in the state court action. The court of appeals issued a writ of mandamus directing the trial court to set aside the stay order.

Plaintiff urges Lyons as authority for his contention that the cause of action stated in his latest complaint is separate and distinct from that stated in the earlier complaints. It is quite true the court majority in Lyons did hold that the state action would not constitute a bar to the federal anti-trust action. However, as we read Lyons, the court did not hold the federal complaint stated a separate and distinct cause of action. The court, 222 F.2d at p. 188, recognized that res judicata would apply

except for 15 U.S.C.A. § 15, thus at least impliedly recognizing that the causes of action were the same. It is clearly established that 15 U.S.C.A. § 15 gives federal courts exclusive jurisdiction over federal anti-trust actions. Blumenstock Bros. Adv. Agency v. Curtis Pub. Co., 252 U.S. 436, 440, 40 S.Ct. 385, 64 L.Ed. 649; General Inv. Co. v. Lake Shore & Michigan So. Ry., 260 U.S. 261, 286, 43 S.Ct. 106, 67 L.Ed. 244.

Lyons recognizes that it is an open question whether the statute conferring jurisdiction upon the federal courts merely requires the injured party must sue for his damages in the federal court "or whether it also meant that the district court must have unfettered power to decide the claim, regardless of the findings of any other courts, even when these were essential to the decision of actions over which their jurisdiction was unquestioned." 222 F.2d 184, 188. The court majority adopted the broad interpretation largely upon policy considerations.

The real problem in Lyons was not whether the causes of action are the same but rather the problem of whether for policy reasons an exception should be made to the general rule of finality of prior adjudications. A suggestion is made in Durfee v. Duke, 84 S.Ct. 242 (1963), that in some contexts doctrines of federal pre-emption may create an exception to the general rule according finality to judicial determinations.

We are not faced with the Lyons' problem here since all the earlier adjudica-

tions were made in the federal district court in actions over which the federal court had unquestioned jurisdiction. No issue of state court decisions fettering the power of the federal court to exercise exclusive jurisdiction in federal anti-trust actions is here presented.

The trial court in the present case found "the action set forth in the complaint here involved arises out of the same transactions as the prior pleaded actions, would require the same evidence in the proof of claims and seeks the same type of relief against the same party, without alleging new violations not founded upon those adjudicated in the prior actions." [2]

Plaintiff has failed to demonstrate that such determination is induced by any erroneous view of the applicable law.

## II.

■ Plaintiff argues that even if there is claim preclusion as to all the damages he has sustained up and through the prior actions, he is still entitled to recover for future damages on the ground that there is a continuing conspiracy which creates new causes of action with each invasion of plaintiff's interest. Such contention is adequately disposed of in Williamson v. Columbia Gas & Elec. Corp., 3 Cir., 186 F.2d 464, 469, where it is stated:

"In a civil conspiracy suit each invasion of plaintiff's interest resulting from the conspiracy creates a new cause of action when the question is the application of the bar of

---

2. Although the trial court refers to the fact that the prior adjudications were made in the federal court, the emphasis below was placed upon the observation that Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, would have permitted plaintiff to amend his pleadings upon removal in order to allege the federal anti-trust statutes. The trial court points out that claim preclusion applies not only to that which is actually presented but also to that which might have been presented to support the claim. 214 F.Supp. 195, 197. Certainly Freeman holds that the federal statutes

were available upon removal. However, Freeman should not be urged as authority for the position that since plaintiff could amend, we have one cause of action. Freeman speaks in permissive terms, and if the federal statute created a new and separate cause of action, plaintiff would not be compelled to amend upon removal in order to prevent preclusion of his remedy. Our decision is based upon our determination that the cause of action stated in the present complaint is the same as that stated in the prior complaints.

the statute of limitations. This rule would be controlling if the issue here was whether the statute of limitations bars all or a part of the damages claimed by plaintiff as a result of a continuing conspiracy. But if the cause of action is the same, the principle of res judicata prevents our reaching that question, not because it was actually decided in [the first action], but because the judgment is a final determination of not only what was actually in issue but what might have been in issue had it been raised."

In Straus v. American Publishers' Ass'n, 2 Cir., 201 F. 306, 310, the court disposes of a similar attack by saying:

"The fact that evidence of damages in this action may cover a longer period of time than was covered by the action in the state court is immaterial. The thing that was adjudicated between the parties in the state court was that the plaintiffs could recover no damages in respect to copyrighted books at all, be the period of the combination long or short."

Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122, relied upon by the plaintiff, is readily distinguishable factually from our present case. In Lawlor five new defendants were brought into the case in the new action. Substantial new antitrust violations subsequent to the termination of the prior litigation were charged. In our present case the parties in all actions are identical and only continuing violations of the type involved in the prior actions and there adjudicated against the plaintiff are asserted.

We have heretofore upheld the trial court's determination that the present complaint states the same cause of action as the prior complaints. Such holding fully supports the dismissal of the fourth complaint upon the ground of res judicata.

The judgment is affirmed.