291 A.2d 261.

REED ENTERPRISES, INC. *vs.* BOOKS, INCORPORATED.

JUNE 2, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

180

POWERS, J. This civil action was commenced by Reed Enterprises, Inc., a California corporation, referred to throughout this opinion as plaintiff, to recover the sum of $10,680.24 plus interest of $106.80, allegedly owed on a book account or for goods and merchandise sold and delivered.

Books, Inc., a Rhode Island corporation, hereinafter referred to as defendant, answering, filed two counterclaims of which only the first is material to this appeal.

Said first counterclaim seeks to recover treble damages for violation of the Clayton Act, 15 U.S.C.A. §15, as authorized by §13 of that Act.

Reed Enterprises thereupon filed a motion to dismiss such counterclaim on the ground that state courts lack jurisdiction, citing *General Investment Co.* v. *Lake Shore & M.S. Ry.*, 260 U. S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922), and also referred to 1A Moore *Federal Practice* ¶0.201 n.40 at 2021 (1965).

The motion to dismiss was heard by a Superior Court justice who granted the same and dismissed said first counterclaim with prejudice. From the judgment accordingly entered defendant seasonably appealed to this court. At the hearing on plaintiff's motion to dismiss, defendant argued, as it did before us, that plaintiff being a foreign corporation

doing business in this state without having obtained a certificate of authority as required by G. L. 1956 (1969 Reenactment) §7-1.1-117, it lacks standing to prosecute a motion to dismiss. It postured this contention on the proposition that in moving to dismiss defendant's counterclaim, plaintiff was attempting to maintain an action in the courts of this state without having first qualified to do business as aforesaid.

It does not appear from the record before us whether the Superior Court justice considered this contention, there being no rescript in the file. It can be safely assumed, however, that she did not, for the reason that there was nothing in the record before her from which it could be found that plaintiff had failed to qualify, if indeed required so to do.

After the appeal had been docketed in this court, however, defendant moved to supplement the record by adding an affidavit from the Secretary of State setting forth that "Reed Enterprises, Inc. does not appear in our corporate files, either as a foreign or domestic corporation." We denied this motion but without prejudice to defendant to renew such motion when the case was heard on oral argument and brief.

Thereafter, when the case was so argued, defendant renewed its motion and the affidavit was added to the record when counsel for plaintiff stated that he had no objection. His acquiescence, however, was based on the proposition that defendant took nothing thereby. This was so, plaintiff contended, because accepting as a fact that plaintiff was a foreign corporation which had not obtained a certificate of authority as required by §7-1.1-117, such requirement is by the express terms of the statute, not applicable to the rights and liabilities of foreign corporations as they existed prior to January 2, 1970, citing *Good Will Home Ass'n* v. *Drayton*, 108 R. I. 277, 274 A.2d 750 (1971).

Since the record establishes that the litigation involved in the instant appeal arose out of transactions occurring before January 2, 1970, plaintiff argued that proof that it was a foreign corporation not registered to do business in this state at the time of such transactions was meaningless, absent evidence that the cause of action was based on a contract made within the state.[1]

Turning to the record and finding as plaintiff contends, that the transactions out of which the instant litigation arose did take place prior to January 2, 1970, we agree that there is no merit to defendant's contention that plaintiff lacks standing to prosecute the motion to dismiss.[2]

Having thus determined that, on the state of the record, plaintiff had standing to prosecute its motion to dismiss,

---

[1]The relevant statute in effect prior to January 2, 1970, was G. L. 1956 §7-2-28, which in pertinent part provided "*** but no action at law or suit in equity shall be maintained or recovery had by any such corporation on any contract made within this state in any of the courts of this state so long as it fails to comply with the requirements of said sections."

The pertinent section of "said sections" as above quoted is §7-2-23 which required every foreign corporation to register with the Secretary of State as a condition precedent to doing business in this state.

By contrast, G. L. 1956 (1969 Reenactment) §7-1.1-117, provides in pertinent part:

"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority."

Since there is no evidence in the record from which it could be found that the transactions between the parties constituted doing business in this state, §7-1.1-117 is unavailing to defendant.

[2]So agreeing, we do not reach, much less consider plaintiff's further contention that, even if it were governed by G. L. 1956 (1969 Reenactment) §7-1.1-117, moving to dismiss defendant's counterclaim would not constitute maintaining an action within the meaning of said §7-1.1-117. We have read the cases from other jurisdictions, cited by plaintiff which appear to support such contention. We think it better, however, to leave that question for consideration in a case where consideration is required.

there remains the question of whether the Superior Court justice erred in granting that motion.

As heretofore related plaintiff predicated its motion to dismiss in the Superior Court on the ground that the court lacked jurisdiction of the subject matter. Super. R. Civ. P. 12(b) expressly provides that a defendant to a counterclaim may move to dismiss for lack of jurisdiction in lieu of a responsive pleading.

The final question then is whether defendant's counterclaim for treble damages under the Clayton Act is a subject matter over which the Superior Court has jurisdiction. The defendant cites no case for the proposition, nor indeed does it even contend that the Superior Court justice erred in deciding that jurisdiction was lacking. Such failure is understandable. The exact question was put to rest in *Blumenstock Bros. Advertising Agency* v. *Curtis Publishing Co.*, 252 U. S. 436, 40 S. Ct. 385, 64 L. Ed. 649 (1920) and consistently followed thereafter in *Engelhardt* v. *Bell & Howell Co.*, 327 F.2d 30 (8th Cir. 1964), *Banana Distributors, Inc.* v. *United Fruit Co.*, 269 F.2d 790 (2nd Cir. 1959) and *Caraway* v. *Ford Motor Co.*, 144 F. Supp. 295 (1956).

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Tobin, Decof, LeRoy & Silverstein, Michael A. Silverstein,* for plaintiff.

*Friedman, Kramer, Kessler & Andreoni, Orlando A. Andreoni,* for defendant.