**Benjamin H. SINGER, Plaintiff,**

**v.**

**CREOLE PETROLEUM CORP. et al.,
Defendants.**

Court of Chancery of Delaware,
New Castle.

Jan. 25, 1973.

William Prickett, and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, and Benedict Wolf, Donald N. Ruby, and David M. Disick, of Wolf, Popper, Ross, Wolf & Jones, New York City, of counsel, for plaintiff.

William S. Potter, and Blaine T. Phillips, of Potter, Anderson & Corroon, Wilmington, and James F. Dwyer, and Robert M. Callagy, of Satterlee, Warfield & Stephens, New York City, of counsel, for defendant Creole Petroleum Corp.

Robert H. Richards, Jr., and Charles F. Richards, Jr., of Richards, Layton & Finger, Wilmington, and Arthur H. Dean, and Roy H. Steyer, of Sullivan & Cromwell, New York City, of counsel, for defendants Standard Oil Co. (New Jersey), and Esso International, Inc.

SHORT, Vice Chancellor:

The issue now before the court concerns the form of order to be entered regarding those allegations in the complaint which were held to be "sham" under Rule 11, Del.C.Ann., in the court's opinion of September 27, 1972, 297 A.2d 440. The questions presented are (1) whether the granting of a motion to strike under Rule 11

constitutes a "dismissal" of the action and, if so, (2) whether the dismissal entered should be with or without prejudice.

Rule 11 itself does not specifically include dismissal of the action as a sanction for a complaint found to be "sham." Rather under its terms the pleading may be "stricken" and "the action may proceed as though the pleading had not been served." Thus, in Halpern v. Barran, Del.Ch., 272 A.2d 118, Chancellor Duffy granted defendants' motion to strike the complaint as sham because of the overbreadth of plaintiff's allegations compared with the facts upon which they were based, but later allowed plaintiff to file an amended complaint in the same action.

It does appear that dismissal of an action is an appropriate sanction under Rule 11 in certain circumstances. Thus, Professor Moore says:

"Final disposition of the suit, as by dismissal of the action for plaintiff's failure to comply with Rule 11 . . . is an ultimate sanction provided by the terms of the rule, but which naturally should be invoked rarely and certainly not for minor infractions." 2A Moore's Federal Practice § 11.02.

■ In *Halpern,* the Chancellor refused to dismiss the action where there was some "good ground" on the original record to support the amended complaint. However, as plaintiff here has shown no good ground for any of the allegations found to be sham, and has not merely pleaded overbroadly, this action should be dismissed.

■ I am of the opinion that the dismissal of the allegations in this complaint as "sham" under Rule 11 would be with prejudice in the absence of provision to the contrary. In Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), the Supreme Court indicated that a dismissal under Rule 41(b) is "with prejudice" if it is upon the merits of the action or involves a situation "in which the de-

fendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." The same test should be applicable under Rule 11. Ordinarily, therefore, the failure to show any good ground for plaintiff's allegations should constitute a determination on the merits of his claim. But in the case of a stockholder's derivative suit as here, plaintiff sues to enforce rights of his corporation. His inability to meet the test of a Rule 11 motion, which, as *Halpern* recognizes, is simply a procedure designed to "define and delimit the real issues, without deciding those issues," should not foreclose other stockholders or the corporation itself from asserting like charges when able to support them.

The order to be entered will provide that the charges in the complaint subject to the Rule 11 motion are dismissed with prejudice as to plaintiff only.