401 A.2d 1259.

SKOR MOR, INC. *vs.* HI-WAY BOWL, INC.

MAY 22, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is an appeal in a civil action in which the plaintiff seeks to recover the balance due under its contract. The record discloses that the plaintiff is a New York corporation, doing business in Rhode Island under the name of Skor Mor, Inc. The defendant, Hi-Way Bowl, Incorporated, is a Rhode Island corporation. In 1968, the parties entered into a contract for the transfer of certain of the defendant's bowling alleys from one location to another. Although the plaintiff completed its obligations under the contract, the defendant failed to pay the entire amount due.

In 1970, plaintiff instituted an action in District Court to recover the outstanding amount. At that time, however, plaintiff lacked a certificate of authority to do business in Rhode Island as a foreign corporation. Nevertheless, when the case was finally heard in June 1972, plaintiff did have a valid certificate. Acting pursuant to G.L. 1956 (1969) §7-1.1-114, the secretary of state subsequently revoked plaintiff's certificate for failure to file annual financial reports. The certificate had not been reissued when the District Court rendered judgment against defendant in March 1973. Unsatisifed with the amount awarded, plaintiff appealed to Superior Court.

At the Superior Court proceedings, defendant challenged plaintiff's capacity as a foreign corporation to maintain the action absent a certificate of authority. The trial justice concluded that under the applicable statutory provisions the failure to have such a certificate of authority throughout the course of proceedings in both the District and Superior Courts did not preclude plaintiff from continuing the suit. The defendant then submitted to judgment and appealed to this court.

Before us, both parties agree this case is governed by G.L. 1956 §7-2-28 (repealed 1969),[1] which relates to the rights of

---

[1]General Laws 1956 (repealed 1969) §7-2-28. "Penalty for doing business without qualifying — Effect on contracts. — Every foreign corporation which fails to comply with the requirements of §§7-2-23 and 7-2-24, and has failed to comply with the provisions of §7-2-26, and every officer or agent thereof who transacts business as such in this state, shall, for such failure, be liable to a penalty of not more than two thousand dollars ($2,000). Such a failure shall not affect the validity of any contract with such corporation, but no action at law or suit in equity shall be maintained or recovery had by any such corporation on any contract made within this state in any of the courts of this state so long as it fails to comply with the requirements of said sections. This prohibition shall also apply to an assignee of such corporation, and to a person claiming under such assignee or such corporation, except a domestic receiver thereof."

The statute applicable to contracts executed after January 2, 1970 is G.L. 1956 (1969 Reenactment) §7-1.1-117, which provides in pertinent part:

"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority."

foreign corporations to utilize our court system to enforce contracts executed in this state prior to January 2, 1970. *Good Will Home Association* v. *Drayton*, 108 R.I. 277, 280, 274 A.2d 750, 751-52 (1971). *See Reed Enterprises, Inc.* v. *Books, Inc.*, 110 R.I. 179, 181, 291 A.2d 261, 262 (1972). While the record here fails to disclose the execution of a formal agreement, it does reveal that plaintiff furnished goods and services to defendant in Rhode Island during 1968. Because plaintiff acquired contractural rights against defendant prior to 1970, any action to enforce those rights must therefore be subject to the relevant provisions of §7-2-28. *See Good Will Home Association* v. *Drayton*, 108 R.I. at 280, 274 A.2d at 751-52.

Accordingly, we consider the effect of §7-2-28 upon a foreign corporation whose certificate of authority has been revoked for failure to file an annual report. The defendant asserts that the statute prohibits a foreign corporation from continuing a previously instituted action in our courts whenever the corporation fails to comply with any of the statutory conditions of doing business in Rhode Island. The plaintiff contends that only those violations of the conditions precedent to the right to do business expressly contained in §7-2-28 bar access to our courts. Moreover, according to plaintiff, the filing of annual reports is not one of the conditions enumerated in §7-2-28.

Under §7-2-28 a foreign corporation is prohibited from maintaining or recovering[2] pursuant to any action brought to enforce a contract made within Rhode Island when it has failed to comply with §§7-2-23, -24, and 26. Those sections refer to the failing of certain documents regarding the corporate character, appointment of a resident attorney upon whom service of process can be made, the types of business in which foreign corporations may engage and the names these corporations may adopt.

---

[2]Failure to comply with §7-2-28 does not preclude a foreign corporation from commencing an action on a contract executed in Rhode Island. *New England Die Co.* v. *General Prods. Co.*, 92 R.I. 292, 298, 168 A.2d 150, 153-54 (1961).

The above sections do not mention the act defendant relies upon here in asserting its defense of lack of capacity. The failure to file annual reports is not specified within §7-2-28 and therefore the statute's proscriptions do not attach. We cannot accept defendant's broad proposition that non-compliance with the statutory preconditions to doing business found in sections other than §7-2-28 should likewise bar access to our courts. In effect, defendent asks us to enlarge the scope of §7-2-28 beyond its express provisions. However, the language of §7-2-28 is free from ambiguity, and any attempt to enlarge its meaning would obscure the legislative intent regarding the extent to which access to our courts will be withheld from a foreign corporation. *See New England Die Co.* v. *General Products Co.*, 92 R.I. 292, 297, 168 A.2d 150, 153 (1961).

Moreover, we observe that the Legislature has created a separate and distinct $200 fine for failure to file an annual report, contained in §7-2-30. Any expansion of the sanctions contained in §7-2-28 would result in the imposition of multiple punishments for failure to file an annual report. We find nothing present in the statutory scheme that evidences a legislative intent to accomplish such a result.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to Superior Court.

*Smith & Smith, Incorporated, Z. Hershel Smith,* for plaintiff.

*Moore, Virgadamo & Lynch, Ltd., Jeremiah C. Lynch,* for defendant.