**CELLAR DOOR PRODUCTIONS, INC. OF MICHIGAN, Plaintiff-Appellant,**

v.

**Rick KAY, Robert Fox, Robert Cavalieri, Charles Forbes, Michael Illitch, Olympia Stadium Corp., Prophet Productions, Ltd., Michael Tinik, Vincent Bannon, the Building Group, Olympia Arenas, Inc., Defendants-Appellees,**

**City of Detroit, Defendant.**

**No. 90-1005.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 25, 1989.

Decided March 8, 1990.

Steve J. Weiss (argued), Hertz & Schram, Bloomfield Hills, Mich., Steven M. Kramer, Steven M. Kramer & Associates, New York City, for Cellar Door Productions, Inc.

T. Patrick Freydl, Atty. and Counselor (argued), Freydl & Associates, Birmingham, Mich., for Rick Kay, Robert Fox, Charles Forbes, Prophet Productions, Ltd., Michael Tinik, Vincent Bannon, the Building Group and the City of Detroit.

Alan C. Harnisch (argued), Susan B. O'Toole, Seyburn, Kahn, Ginn, Bess & Howard, Southfield, Mich., for Robert Cavalieri, Michael Illitch, Olympia Stadium Corp. and Olympia Arenas, Inc.

---

**3.** The majority concedes the ineffectiveness of curative jury instructions in this type of case.

Before KENNEDY and NELSON, Circuit Judges, and WISEMAN, Chief District Judge.*

KENNEDY, Circuit Judge.

Appellant Cellar Door Productions, Inc. appeals the grant of summary judgment on *res judicata* grounds in favor of appellees Rick Kay, Robert Fox, Prophet Productions, Ltd., and Michael Tinik (Brass Ring), and Robert Cavalieri, Michael Illitch, and Olympia Arenas, Inc. (Olympia) in this antitrust action. Appellant also appeals the District Court's order granting sanctions pursuant to Fed.R.Civ.P. 11 in favor of Brass Ring and Olympia.

We find reversible error in the District Court's order granting summary judgment for appellees. We also reverse the District Court's orders granting sanctions against appellant with respect to the taking of out-of-state depositions while appellees' dispositive *res judicata* motion was pending, and affirm with respect to the motion for reassignment.

Cellar Door and Brass Ring are competitors in the concert promotion industry. Olympia, through its lease with the City of Detroit, operates the Joe Louis Arena and the Cobo Arena in downtown Detroit. Olympia and Brass Ring have entered into an arrangement for the promotion of musical events at the arenas. During the time period in question, they were the only arenas in Detroit and their rental was alleged to be a relevant market. Cellar Door alleges that because Olympia does not offer the arenas to it on the same rental terms as it offers them to Brass Ring, Brass Ring is able to offer performers more financially attractive terms than is Cellar Door. Therefore, Cellar Door alleges, the. arrangement between Olympia and Brass Ring has effectively precluded Cellar Door from competing with Brass Ring in the Detroit market.

In 1983, Cellar Door instituted an antitrust action against Olympia and Brass Ring based on the same arrangement.

That action was dismissed with prejudice by stipulation of the parties. In the present action, Cellar Door complains of antitrust violations that occurred subsequent to the dismissal of the 1983 action.

We first consider appellant's contention that the District Court erred in granting appellees' motion for summary judgment on *res judicata* grounds. The Supreme Court case of *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955), is controlling. In *Lawlor*, the plaintiffs brought an antitrust action in 1942 alleging that the defendants, National Screen and three producers, had conspired .to establish a monopoly in the distribution of advertising posters to motion picture exhibitors through the use of exclusive licenses, and that the plaintiffs' business had been injured as a result. In 1943, prior to trial, that suit was settled and dismissed with prejudice. *Id.* at 324, 75 S.Ct. at 866. The settlement was based upon an agreement by National Screen to furnish plaintiffs with all standard accessories distributed by National Screen pursuant to its exclusive license agreements. In 1949, the plaintiffs brought another antitrust action, this time alleging that the prior settlement was merely a device used by the defendants to perpetuate their conspiracy and monopoly. Plaintiffs also alleged that five other producers had joined the conspiracy since the 1943 dismissal, that defendant National Screen had deliberately made slow and erratic deliveries of advertising materials in an effort to destroy plaintiffs' business, and that defendant had used tie-in sales and other means of exploiting its monopoly power. *Id.* at 325, 75 S.Ct. at 867. The Supreme Court held that the latter suit was not barred by *res judicata* because the two suits were not based on the same cause of action. *Id.* at 327, 75 S.Ct. at 868. The Court noted:

That both suits involved "essentially the same course of wrongful conduct" is not decisive. Such a course of conduct—for example, an abatable nuisance—may fre-

* The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

quently give rise to more than a single cause of action. . . . While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.

*Id.* at 327–28, 75 S.Ct. at 868 (footnote omitted).

Appellees argue that the differences between the 1942 complaint in *Lawlor* and the latter *Lawlor* complaint as well as differences in the circumstances surrounding the two complaints render the *Lawlor* decision inapplicable to the case at hand. Olympia and Brass Ring are correct that circumstances had changed during the period of time between the two suits in *Lawlor*. Because the defendant National Screen had entered into agreements with five additional motion picture producing companies, the complaint filed in the 1949 action included these companies as additional defendants. The latter complaint also alleged that there had been deliberate slowdowns on the delivery of materials under the license agreement entered into in settlement of the original action. The latter complaint further alleged that defendant National Screen had implemented an unlawful tie-in arrangement. Olympia and Brass Ring are incorrect, however, in their conclusion that these differences render *Lawlor* inapplicable to their case. The Court merely noted that *"[i]n addition,* there are new antitrust violations alleged here," and that "[i]n the interim, *moreover,* there was a substantial change in the scope of the defendants' alleged monopoly." *Lawlor,* 349 U.S. at 328, 75 S.Ct. at 868 (emphasis added). The language of *Lawlor* indicates that the decision is predicated on the finding that both suits were not based upon the same cause of action.

Other courts have similarly interpreted *Lawlor,* although in cases not involving a

prior voluntary dismissal with prejudice. The Southern District of New York, for example, in *United States v. General Electric Co.,* 358 F.Supp. 731, 740 (S.D.N.Y. 1973), stated:

G.E. seeks to distinguish *Lawlor* upon the ground that in the second suit there were also additional allegations as to some new acts which it was claimed the defendants had committed since the earlier judgment. But, in my view, this was merely an additional reason why res judicata did not apply. It did not limit the Court's holding that a suit based upon a course of wrongful conduct occurring subsequent to the judgment in the prior suit is not based on the same but on a different cause of action.

The Seventh Circuit has also followed *Lawlor* insofar as it held that "[i]n the context of a continuing scheme to violate the antitrust laws, a cause of action accrues to the plaintiff each time the defendant engages in antitrust conduct that harms the plaintiff." *See Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 669 F.2d 490, 494 (7th Cir.), *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).[1]

The facts of the case before us are similar to those of *Cream Top Creamery v. Dean Milk Co.,* 383 F.2d 358 (6th Cir.1967). *Cream Top* involved an action alleging a continuing scheme to violate antitrust laws subsequent to a prior dismissal with prejudice. In that case, we relied upon *Lawlor* in reversing the District Court's order granting summary judgment on *res judicata* grounds. We noted, "[a]t least insofar as the complaint alleges violations since the dismissal of the [first] case, the judgment in that case cannot be given the effect of extinguishing a claim which arose subsequent to that judgment." *Id.* at 363 (citing *Lawlor,* 349 U.S. 322, 75 S.Ct. 865). Although *Cream Top* was based upon an alternative holding as well,[2] we concluded

---

1. In *Engelhardt v. Bell & Howell Co.,* 327 F.2d 30 (8th Cir.1964), the Eighth Circuit found the new defendants and new antitrust violations necessary to the *Lawlor* holding. In that case, however, "both suits were based on a single breach of contract, only one refusal to deal and only a

single transaction." *General Electric,* 358 F.Supp. at 740 n. 9. We are unable to agree with the Eighth Circuit's interpretation of *Lawlor.*

2. Because the prior case was a state court action, it did not involve a claim under the federal

that with respect to the price discrimination allegations, "[t]he wrongful conduct charged in this case is composed of a multitude of separate transactions alleged to have been discriminatory. Each such transaction or group of transactions, if proved to have the effects proscribed by the Robinson–Patman Act, might be held to be a separate legal wrong." *Id.* at 364.

■ In the case before us, Olympia and Brass Ring's course of conduct could give rise to more than one cause of action. Each time the arrangement precluded Cellar Door from competitively bidding for an event, a cause of action may have accrued to Cellar Door. Therefore, as in *Lawlor* and *Cream Top*, those causes of action that arose subsequent to the 1983 dismissal are not barred by *res judicata*. Accordingly, we must reverse the District Court's order granting summary judgment in favor of appellees.

■ Appellant also challenges the District Court's award of Rule 11 sanctions to appellees Olympia and Brass Ring. The court found that appellant had violated Rule 11 by (1) taking out-of-state depositions during the pendency of appellees' summary judgment motion and (2) violating local Rule 8c.1 as well as the corresponding directive on the Eastern District of Michigan civil cover sheet. Appellees failed to answer in the affirmative either of the following questions posed on the civil cover sheet:

**PURSUANT TO LOCAL COURT RULE 8(c)(3)(i)**

(a) IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT?

____YES ____NO

(b) IF **YES** GIVE THE FOLLOWING INFORMATION:

COURT: _____ CASE NO: _____

ASSIGNED
JUDGE: _____

**PURSUANT TO LOCAL COURT RULE 8(c)(3)(ii)**

(a) OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY DISCONTINUED OR DISMISSED COMPANION CASES (cases in which it appears substantially similar evidence will be offered at trial or the same or related parties are present and the cases arise out of the same transaction or occurrence) IN THIS OR ANY OTHER COURT, INCLUDING STATE COURT?

____YES ____NO

(b) IF *YES* GIVE THE FOLLOWING INFORMATION:

COURT: _____ CASE NO: _____

ASSIGNED
JUDGE: _____

---

The court awarded appellees their costs incurred in connection with their motion for reassignment to the judge in the earlier action. Appellant argues that the District Court erred in granting sanctions on both of these grounds.

In light of our reversal of the District Court's grant of summary judgment for the appellees, we find that the taking of depositions during the pendency of the dispositive motion was not unreasonable behavior in violation of Fed.R.Civ.P. 11.

antitrust statutes. We concluded, therefore, that the District Court's dismissal with prejudice could not have adjudicated the alleged viola-

tions of those statutes. Thus the latter action alleging federal antitrust violations could not be barred by *res judicata*.

Moreover, we seriously question whether Rule 11 sanctions may be imposed where, as here, a magistrate has denied a motion to quash the depositions and no appeal to the District Judge is taken from that order.

In agreeing with appellees that they were entitled to the sanctions attendant to appellees' motion for reassignment, the District Court stated:

> [T]he Court will award the fees and costs attendant upon the defendants being required to transfer this case ... to this Court's docket. The failure to note a prior related case, a companion case on the filing papers, in violation of the rules of this Court and the clear directives of the form, was done without reasonable inquiry as to the facts or the law or rules applicable.

An examination of the discussion of this issue during the hearing on appellees' motions for attorney fees and costs reveals that the claim of appellees was that this case was in essence the *same* case as the 1983 case.[3] Indeed in granting summary judgment on *res judicata* grounds, the court found it was the same case and thus fell within the second requirement on the form. However, as we have discussed above, neither case arose out of the lease. Rather, the 1983 case arose out of events occurring after the lease went into effect and before the earlier case was dismissed, and the present case arose out of events occurring after its dismissal. Thus, the cases did not arise out of the same transaction or occurrence. To find otherwise would negate our finding that the District Court erred in finding the present case to be barred by *res judicata.* However, this case falls under the second inquiry, for the

evidence presented during the two cases is likely to be substantially similar.

It is possible to read the cover sheet inquiry as requiring that the cases also "arise out of the same transaction or occurrence." A reading of the rule itself clarifies this issue. Local Rule 8c.1 provides:

> c. Assignment of Identical or Similar Cases.
>
> (1.) Companion cases will normally be heard by the Judge having the case with the lowest filing number. Companion cases are those cases in which it appears that:
>
> (i) Substantially similar evidence will be offered at trial, or
>
> (ii) The same or related parties are present, and the cases arise out of the same transaction or occurrence.
>
> Cases may be companion cases even though one of them may have already terminated.

Fed. Local Ct. Rules, E.D.Mich.Rule 8(c)(1) (1984).

If counsel had questions as to the meaning of the form, it was his obligation to read the rule.

Accordingly, we REVERSE the District Court's grant of summary judgment to appellees and the sanctions attendant to the taking of depositions, and AFFIRM the grant of sanctions attendant to appellees' motion for reassignment.

---

**3.** Relevant portions of the record include the following statements by appellees' attorneys:

> [T]here is no question that the plaintiff was well aware that they had previously filed the suit.
> It was quite possible we could have gotten into this case sometime before finding out there was a previous suit. The local rule is there to make sure that neither the court nor the other parties are fooled by thinking that they're dealing with something brand new....

> [T]he plaintiff made a misstatement on the cover sheet of the complaint saying that no other case had ever been filed, and of course it had been, the 1983 case was almost exactly what this case was, and that necessitated a motion being filed. The complaint itself was the same exact complaint as 1983.
> First of all, there's no question but that when this case was prepared by the plaintiff, Your Honor, that they were aware that they had filed a claim that was the identical claim that was filed in 1983.